# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN D. CRAWFORD, | : | |
|     Plaintiff | : | |
| | : | |
| | : | CIVIL ACTION NO. 1:CV-03-693 |
| v. | : | |
| | : | (Judge Kane) |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, COUNTY OF | : | |
| DAUPHIN, CITY OF HARRISBURG, | : | |
| JANICE ROADCAP, | : | |
| JOHN C. BALSHY, and ESTATE OF | : | |
| WALTON D. SIMPSON, | : | |
|     Defendants | : | |

## MEMORANDUM AND ORDER

Plaintiff filed the above-captioned complaint on March 29, 2003, naming as defendants, among others, the Estate of Walton D. Simpson ("Estate"). (Doc. No. 1, Ex. A.)  At that time, the Estate did not have an administrator; however, in the intervening years, Plaintiff followed the state court procedures to open the estate and name a personal representative.  Plaintiff now wishes to amend his complaint to name the recently-appointed administrator and to that end, has filed a motion for leave of Court to file an amended complaint substituting Walton Dewey Simpson, Jr., administrator of the Estate of Walton D. Simpson, for the Estate of Walton D. Simpson.  (Doc. No. 154.)  For the following reasons, the motion will be granted.

**I.      Background**

On March 21, 2003, Plaintiff filed an amended citation to compel application for letters

pursuant to Pa. C.S.A. § 3155 in the Court of Common Pleas Cumberland County, Pennsylvania, Orphan's Court Division.  (Doc. No. 154, Ex. A.)  A judge sitting on the Orphans' Court filed a decree on March 25, 2003 directing Walton D. Simpson, Jr. to show cause why he should not take out letters of administration on the Estate, and on March 26, 2003, a citation was issued by the Clerk of Court.  (Id., Exs. B & C.)  Simpson did not object or otherwise respond to the citation or take out the letters of administration on the Estate as ordered.  (Id., Ex. G.)  Plaintiff's state court counsel attests that he was advised by Simpson's counsel that Simpson would take out the letters of administration.  (Id., Ex. E, at ¶ 7.)  After a period of inaction in this regard, on September 9, 2004, another decree was issued by a judge in the Orphans' Court division ordering Simpson to take out letters of administration within twenty days.  (Id., Ex. H.)  Simpson was found to be in contempt of the court decrees and ordered once again on November 1, 2004 to take out letters of administration.  (Id., Ex. I.)  Simpson filed a petition for probate and grant of letters on November 8, 2004, and was appointed the administrator of the Estate on November 9, 2004.  (Id., Ex. J.)  Plaintiff's counsel states that he became aware of this in January, 2005, shortly before filing the instant motion.

## II.     Legal Standard

Federal Rule of Civil Procedure 15 states that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Court of Appeals for the Third Circuit has explained that "a district court has the discretion to deny this request if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."  Lake v. Arnold, 232 F.3d

360, 373 (3d Cir. 2000); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (absent bad faith, undue prejudice, or the like, leave to amend should be "freely given"). An amendment is "futile" when "the complaint, as amended, would fail to state a claim upon which relief could be granted," under the same legal standard as applies with Rule 12(b)(6) motions. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

**III.    Discussion**

Plaintiff seeks leave to file an amended complaint for the purpose of naming the administrator of the Estate rather than the Estate itself, as required by Pennsylvania law. See Marzella v. King, 389 A.2d 659 (Pa. 1978) (requiring suit to be brought against the personal representative of an estate); Fed. R. Civ. P. 17(b) (capacity to sue or be sued shall be determined by the law of the state in which the district court sits). Defendants Dauphin County and the Estate oppose the motion to amend the complaint, arguing that Plaintiff should not be permitted to add a new defendant because of prejudice to Defendants and because the statute of limitations has now run.

The Court sees no substantial reason why the motion to amend should be denied. Plaintiff has not exhibited any bad faith or dilatory motives. The delay in bringing the motion has been fully explained, and because the amendment merely substitutes the name of a personal representative of the Estate for the Estate, there is no undue prejudice. "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). None of these

factors is present here.

Defendants argue that the motion is futile because the statute of limitations on Plaintiff's claims ran on July 16, 2004. Plaintiff argues that Defendants are estopped from raising the statute of limitations as a defense and that the statute has been tolled because of fraud and deceit. However, these arguments are inapposite, as this motion is properly analyzed under Federal Rule of Civil Procedure 15(c)(3), which provides for an amendment to relate back to the time of the original pleading in circumstances such as this one. The Rule provides, in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and . . . the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

Here, all three requirements are met: provision (2) is satisfied, as there are no substantive changes to the claims asserted in the original complaint; the "new" defendant unquestionably had notice of the action within the appropriate time; and but for a mistake regarding the proper identity of the party (i.e. the name of the Estate administrator), the action would have originally been brought against that party. See Staren v. Am. Nat'l Bank & Trust Co., 529 F.2d 1257, 1263 (7th Cir. 1976) ("The

substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based.").

Defendant's argument that Pennsylvania law prohibits the proposed amendment is unavailing. "[T]he question of relation back is procedural and therefore properly analyzed according to federal practice." Nelson v. County of Allegheny, 60 F.3d 1010, 1014 n.5 (3d Cir. 1995) (citing Hanna v. Plumer, 380 U.S. 460 (1965)). Although, as Defendant notes, the Pennsylvania Supreme Court has held that a suit against a dead person is void ab initio,[1] the Third Circuit, when confronted with the same issue, held that state law is not controlling on the question of whether an amendment is permissible. Loudenslager v. Teeple, 466 F.2d 249, 250 (3d Cir. 1972). Accordingly, in a case with facts nearly identical to Thompson (a dead person was named as a defendant), the Court found Rule 15(c) of the Federal Rules of Civil Procedure was controlling, and its provisions were satisfied. 466 F.2d at 250-51. In reaching its conclusion, the Loudenslager Court cited with approval a case from this district with facts similar to the case at bar. See id. at 251 (citing Brennan v. Estate of Smith, 301 F. Supp. 307 (M.D. Pa. 1969)).

In Brennan, the plaintiff named the estate of the decedent, notwithstanding the fact that under Pennsylvania law, the estate was not a legal entity subject to suit. 301 F. Supp. at 308. That plaintiff "went to great lengths to have a personal representative appointed" and the court found that "the failure to designate the proper party was an excusable oversight." Id. at 309. The Brennan complaint was

---

[1] Thompson v. Peck, 181 A. 597, 598 (Pa. 1935).

served on the administratrix of the estate and the amendment substituted the administratrix as a defendant. Accordingly, the administratrix had notice, would not be prejudiced, and should have known that but for a mistake, she would have been named as defendant. Id. Similarly here, Plaintiff immediately went through the process to have the Estate opened and a personal representative named. In the Cumberland County court proceedings, Simpson was made aware of the nature of Plaintiff's claim against him, and his interests as Administrator of his father's estate have been represented by counsel for the Estate.

**IV.    ORDER**

Therefore, for the reasons discussed above, **IT IS ORDERED THAT** Plaintiff's motion to amend (Doc. No. 154) is **GRANTED**. The Clerk of Court shall substitute "Walton Dewey Simpson, Jr., Administrator of the Estate of Walton D. Simpson," for the party "Estate of Walton D. Simpson" on the docket. Defendant Simpson shall **SHOW CAUSE**, within ten (10) days of the date of this Order, why the motion for summary judgment filed on behalf the Estate should not be considered on the merits as to Defendant Simpson.

**IT IS FURTHER ORDERED THAT** Defendant Estate of Walton D. Simpson's motion for judgment on the pleadings (Doc. No. 92) and motion to discontinue action (Doc. No. 94) are **DENIED AS MOOT**.

    S/ Yvette Kane
Yvette Kane
United States District Judge

Date: July 8, 2005