IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN D. CRAWFORD, | : | |
| Plaintiff | : | Case No. 1: CV-03-0693 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, COUNTY OF | : | |
| DAUPHIN, CITY OF | : | |
| HARRISBURG, JANICE | : | |
| ROADCAP, JOHN C. BALSHY, | : | |
| and WALTON DEWEY SIMPSON, | : | |
| JR., ADMINISTRATOR OF THE | : | |
| ESTATE OF WALTER D. | : | |
| SIMPSON, | : | (Judge McClure) |
| Defendants. | : | |

**O R D E R**

January 19, 2006

On October 6, 2005, the Court granted the City of Harrisburg's motion for summary judgment and denied similar motions of the other defendants. On October 17, 2005, Defendant County of Dauphin filed a motion for reconsideration of the court's order denying its motion for summary judgment. On December 20, 2005, after the motion had been fully briefed, Judge Yvette Kane recused herself from the matter pursuant to 28 U.S.C. § 455(b)(2) and it was assigned to the undersigned judge.

1

For the following reasons the court will grant defendant County of Dauphin's motion to reconsider, will vacate that portion of the October 6, 2005 order denying its summary judgment motion, and will grant Dauphin County's motion for summary judgment.

**BACKGROUND:**

Defendant Dauphin County takes issue with portions of the following text in the court's October 6, 2005 order:

> Similarly, Plaintiff has failed to establish that Dauphin County may be liable based on a "culture of corruption" municipal liability theory. However, Plaintiff has also alleged that Monell liability attaches because County officials ratified the alleged outrageous actions of Simpson during Plaintiff's three trials by repeatedly prosecuting Plaintiff, even in the face of documented irregularities. Such a finding would be sufficient to establish municipal liability under Monell. See McGreevy, 413 F.3d 367. The undisputed facts show that Crawford's first conviction was overturned by the Pennsylvania Supreme Court because Simpson testified beyond his expertise, and contrary to the advice he received from ATF regarding the date of the print. Commonwealth v. Crawford, 468 Pa. 565, 573 (Pa. 1976) ("The problem in this case is that the testimony was also beyond the range of training, knowledge, intelligence, and experience of [Simpson]. Officer Simpson admitted that his expertise was limited to the field of lifting and identifying prints, and also admitted that [his opinion at trial] was beyond the realm of that expertise").
> Moreover, the evidence demonstrates that following Crawford's second trial, Judge Dowling

> expressly found that the prosecution had disregarded evidence that another local resident with a history of violence and racist outbursts had admitted to Mitchell's murder on multiple occasions.  Subsequently, evidence was disclosed that investigators either disregarded or failed to adequately investigate or explain evidence of possible Caucasian hairs taken from the crime scene.  These examples,[22] together with the entirety of suspicious circumstances surrounding Crawford's investigation and prosecution throughout the 1970s were hardly discrete or private events, but were arguably known to municipal officials.  Indeed, certain anomalies were made public after each of Crawford's first two trials, both of which were overturned due to the conduct of law enforcement officials.  The Court finds that Plaintiff has made a minimal showing from which a reasonable jury might conclude that Dauphin County ratified the unconstitutional conduct of which Simpson is accused.  Accordingly, the Dauphin County's motion for summary judgment on Plaintiff's § 1983 claim will be denied.

(Memorandum, Rec. Doc. No. 168, at 25-26.)

In particular, defendant Dauphin County objects to the court's finding that plaintiff had "made a minimal showing from which a reasonable jury might conclude that Dauphin County ratified the unconstitutional conduct of which Simpson is accused." (Id. at 26.)  In arriving at that conclusion the court noted that "Plaintiff has also alleged that Monell liability attaches because County officials ratified the

---

[22]One other example worth noting, which Plaintiff may explore at trial, is Crawford's claim that he was subjected to a polygraph examination in the early 1970s before his arrest, which he either passed or the results were inconclusive.

alleged outrageous actions of Simpson during Plaintiff's three trials by repeatedly prosecuting Plaintiff, even in the face of documented irregularities." (Id. at 25.)

Defendant contends that the reasoning in the October 6, 2005 order is flawed because county officials in Pennsylvania have neither the power nor the authority to direct or intervene in the district attorney's exercise of his prosecutorial discretion. Plaintiff's brief in opposition to the motion for reconsideration does not address the specific arguments set forth by the county, nor does it point to specific evidence tending to show that the county ratified Simpson's conduct. Rather, plaintiff asserts that the county is simply looking to reargue the issue because the court's October 6, 2005 order was not in the county's favor.

**DISCUSSION:**

### I. Legal Standard for Reconsideration of an Interlocutory Order

The denial of a motion for summary judgment is an interlocutory order. Bines v. Kulaylat, 215 F.3d 381, 384 (3d Cir. 2000). A district court retaining jurisdiction over a case "possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." Mohammad v. Kelchner, No. 03-CV-1134, 2005 WL 1138468, at *2 (M.D. Pa. April 27, 2005) (Munley, J.) (quoting United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973)); see also Johnson v. Bensalem Twp., 609 F. Supp. 1340, 1341 (E.D. Pa. 1985) (Pollak,

J.) (same); A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc. No. Civ.A. 94-7408, 2001 WL 881718, at *1 (E.D. Pa. 2001) (Van Antwerpen, J.) (same).  Furthermore, because the court's prior order did not dispose of every claim before the court, it is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties." Mohammad, 2005 WL 1138468, at *2 (quoting Fed. R. Civ. P. 54(b)); see also In re Eagle Enters., Inc., 259 B.R. 73, 77 (E.D. Pa. 2001) (noting availability of Rule 54(b) motion to reconsider an interlocutory order).

Although formally Rule 59 does not govern this motion, which is for reconsideration of an interlocutory order, "[c]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed. R. Civ. P. 59(e)."  A & H Sportswear, 2001 WL 881718, at *1.  As defendant's brief indicates, in order to be entitled to relief under Rule 59(e) the "party seeking reconsideration must establish at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Mack's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1184, 1218 (3d Cir. 1995)).

Dauphin County advances its argument under the third prong, asserting that reconsideration of the court's October 6, 2005 order is necessary to correct errors of fact and law and to prevent manifest injustice.

## II.  A Pennsylvania County Does Not Have Oversight Over a District Attorney's Prosecutorial Discretion

After close consideration of the parties' arguments, the factual record before the court, and the relevant case law on municipal liability under § 1983, we are persuaded by defendant's arguments, and we will grant defendant Dauphin County's motion for reconsideration.  We agree with defendant and find that, when viewing the record in a light most favorable to the plaintiff, there is insufficient evidence for a reasonable jury to infer that Dauphin County ratified Simpson's alleged unconstitutional conduct.

In the instant case Dauphin County asserts that it cannot be held liable for any of the alleged unconstitutional acts committed against Crawford.  Recently, in McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit reiterated the various means for finding municipal liability under § 1983.  In relevant part, the court summarized that:

> In Monell v. Dep't. of Soc. Serv., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)**, the Supreme Court established that a municipality cannot be held liable under** § 1983 for the constitutional torts of its employees

> by virtue of respondeat superior. Instead, a municipality may only be liable for the torts of its employees in one of three ways: First, the municipality will be liable if its employee acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, <u>Jett v. Dallas Independent School District</u>, 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989); second, liability will attach when the individual has policy making authority rendering his or her behavior an act of official government policy, <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480-81, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); third, the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes, <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988).

<u>Id.</u> at 367.

In the October 6, 2005 order the court found that Dauphin County could be liable under the third prong of municipal liability without specifically stating which county officials ratified any alleged unlawful behavior. The court's October 6, 2005 order stressed Crawford's repeated prosecution despite numerous anomalies as a basis for finding municipal liability.[1]  Our task now, in this second cut at the

---

[1] As defendant notes, plaintiff did not make this argument in his brief in opposition to summary judgment.  Instead, plaintiff argued that there was a policy or history of corruption within the County of Dauphin and the City of Harrisburg and a policy of violating plaintiff's civil rights.  <u>See</u> (Pl's Br. Resp. Mot. Summ. J., Rec. Doc. No. 140-1, at 31-39.)  In his brief in opposition, plaintiff failed to brief his failure to train allegation and never advanced an argument that there was a direct

issue, and as a district judge assigned to the case midstream, is to determine if there is a legal theory by which Dauphin County could be held liable for the misconduct of Simpson. Simpson was an employee of the City of Harrisburg when the lab report was altered, and then in the summer of 1974, Simpson became an employee of the County of Dauphin working in the Criminal Investigations Division, which is the investigatory arm of the District Attorney's office. For the following reasons we find that there is no theory under which Dauphin County could be held liable under the facts of this case.

After a close examination of the case law on municipal liability under section 1983 in Pennsylvania we find that Dauphin County officials had neither the power nor the authority to direct or intervene in the district attorney's exercise of his prosecutorial discretion. In <u>McMillan v. Monroe County</u>, 520 U.S. 781 (1997), the United States Supreme Court set forth the considerations a court must take into account when determining whether a county official has final policy making authority that could allow for a municipality to be liable under section 1983. In <u>McMillan</u>, the Court held that an Alabama county sheriff acted as a state official when making law enforcement decisions and was not a policymaker for the county.

---

causal link from a specific policy or custom of the County to Crawford's alleged constitutional deprivation.

Id. at 793. The inquiry into whether a public official is acting as a representative of the state or of a county requires us to examine the relevant state law.

Pennsylvania district attorneys act as state officers when they exercise prosecutorial functions. Williams v. Fedor, 69 F. Supp. 2d 649, 658-63 (M.D. Pa. 1999) (Vanaskie, J.), aff'd, 211 F.3d 1263 tbl. (3d Cir. 2000); see also Crane v. Cumberland County, No. 99-CV-1798, 2000 WL 34567277, *8-9 (M.D. Pa. June 16, 2000) (Caldwell, J.) (noting that district attorney's prosecutorial decisions are in the capacity of representing the state). Therefore, even though plaintiff was repeatedly prosecuted in the "face of documented irregularities" he does not have a claim against Dauphin County for his repeated prosecutions. As Chief Judge Vanaskie noted in Williams, "Pennsylvania law does not confer upon the county's governing body, the county commissioners, law enforcement authority. Nor does it impose upon the county commissioners the authority to direct the district attorney's prosecutorial decisions." Williams, 69 F. Supp. 2d at 660. Therefore, under settled law it cannot be said that it was the county's policy to repeatedly prosecute Crawford, because when a district attorney in Pennsylvania exercises his prosecutorial discretion he is representing the state. Furthermore, having examined both the plaintiff's brief in opposition to Dauphin County's motion for summary judgment and the plaintiff's brief in opposition to Dauphin County's motion for

reconsideration we are not directed to, nor do we find in the record any evidence that any county official was involved in any actions that could be construed as ratifying Simpson's alleged unlawful conduct.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant Dauphin County's motion for reconsideration of the court's October 6, 2005 order is granted. (Rec. Doc. No. 170.)

2. That portion of the court's October 6, 2005 order denying defendant Dauphin County's motion for summary judgment is vacated. (Rec. Doc. No. 168.)

3. The motion for summary judgment filed on behalf of defendant Dauphin County is granted. (Rec. Doc. No. 112.)

4. The clerk is directed to defer entry of final judgment in favor of defendant Dauphin County until there has been a disposition of the entire case.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge