IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN D. CRAWFORD, | : | |
| | : | |
| Plaintiff, | : | No. 1: CV-03-0693 |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DAUPHIN, | : | |
| CITY OF HARRISBURG, | : | |
| JANICE ROADCAP, JOHN C. | : | (Judge McClure) |
| BALSHY and WALTON | : | |
| DEWEY SIMPSON, JR., | : | |
| ADMINISTRATOR OF THE | : | |
| ESTATE OF WALTER D. | : | |
| SIMPSON, | : | |
| | : | |
| Defendants | : | |

**O R D E R**

January 27, 2006

**BACKGROUND:**

On March 28, 2003, plaintiff filed a complaint in the Court of Common Pleas of Dauphin County at docket number 2003-CV-1452. Shortly thereafter the matter was removed to the Middle District of Pennsylvania. On October 6, 2005, the court granted defendant City of Harrisburg's motion for summary judgment and denied the other defendants' motions for summary judgment. Upon a motion for reconsideration, on January 19, 2006, the court granted defendant County of

1

Dauphin's motion for summary judgment. The case is currently scheduled for the April 2006 trial list. Now before the court is Plaintiff's Motion in Limine to Preclude Any Testimony or Reference at Trial of the Palm Print Evidence Which Was Used to Convict Mr. Crawford and Which Defendants Have Since Lost or Destroyed. (Rec. Doc. No. 216.) For the following reasons we will deny plaintiff's motion in limine and we will deny defendants' requests for additional relief made in the brief in opposition.

**DISCUSSION:**

**I. Spoilation of Evidence**

Plaintiff requests that the defendant be precluded from any testimony or reference at trial to the palm print evidence which was used to convict Crawford. The Supreme Court of Pennsylvania, in granting Crawford a new trial in 1976, recognized that the palm print evidence constituted the only evidence produced by the prosecution at Crawford's first criminal trial which established that Crawford was inside the garage at the time of the killing. See Commonwealth v. Crawford, 364 A.2d 660, 662 (Pa. 1976). In his motion and supporting brief, plaintiff asserts that the defendants have lost or destroyed the evidence. (Pl.'s Mot. Limine, Rec. Doc No. 216, at 2, ¶¶ 1, 3 & Pl.'s Br. Supp. Mot. Limine, Rec. Doc. No. 217, at 1-3.) Plaintiff cites to Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76 (3d Cir.

1994), to support his argument that defendant must be precluded from making reference to the palm print at trial.  In Schmid, the United States Court of Appeals for the Third Circuit reversed the district court's decision to bar all evidence emanating from a witness who was responsible for the destruction of certain key evidence in a products liability action, i.e., the alleged defective product.  Schmid, 13 F.3d in 79.  In its analysis, the circuit court noted the role of the spoilation inference, where a jury would be instructed "that the destroyed evidence would have been unfavorable to the position of the offending party."  Id. at 78.  In deciding that the district court went too far in barring all evidence and testimony emanating from the plaintiff's expert witness, the court determined that the following key factors were essential to determine the appropriateness of a sanction: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future."  Id. at 79 (citations omitted).

## II.  Defendants are Not Precluded From Testifying or Referencing Palm Print Evidence Used to Convict Crawford

Plaintiff asserts that "[d]efendants are at fault for losing or destroying the

palm print evidence." (Rec. Doc. No. 217, at 3.)  He argues that "[d]efendants had control over the palm print evidence at all relevant times and had the opportunity to preserve it." (Id.)  Finally, he asserts that precluding reference to the palm print evidence is necessary because "other sanctions will fail to deter similar conduct in the future and will encourage the destruction of evidence."  (Id.)  The record belies the plaintiff's factual account and his argument for precluding reference to the palm print evidence.

In connection with Crawford's August 19, 1993 Post-Conviction Relief Act petition he requested that an independent laboratory examine and perform DNA testing on the print evidence introduced at all three of his criminal trials.  The affidavits before the court indicate that in compliance with court order and superiors' instructions William H. Imschweiler, a detective/evidence technician with the Criminal Investigation Division of the Dauphin County District Attorney's Office,  drove a sealed envelope to Cellmark Diagnostics for testing in Germantown, Maryland.  (Rec. Doc. No. 231, Ex. D.)  After testing the palm print Cellmark Diagnostics attempted to send the evidence back to Detective Imscweiler at the Criminal Investigation Division via FedEx with a standard overnight delivery request.  Cellmark did not require that FedEx obtain a signature upon delivery and there are no records of receipt of the package at the Criminal Investigation Division.

(Rec. Doc. No. 231, Ex. F.)  We cannot find that it was the defendants' fault for losing or destroying the palm print when the palm print was last in the possession of an independent laboratory.  Under these facts even an adverse inference instruction against defendants would be inappropriate.  Accordingly, plaintiff's request to preclude defendant from any reference or testimony at trial about the palm print will be denied.

### III.  Defendants' Requests for Additional Relief

**A.     Request that Plaintiff Be Barred From Presenting Evidence That It is Impossible to Render an Opinion as to Whether the Blood was Splattered Across An Existing Print On the Vehicle, Or Whether a Bloody Hand Print Transferred the Blood to the Vehicle Without the Actual Palm Print.**

Plaintiff's blood spatter expert Gary Jones opined in a report that without the original print evidence it is not possible to render an opinion as to whether the blood was spattered across an existing print on the vehicle, or whether a bloody hand print transferred the blood to the vehicle.  (Pl.'s Mot. Limine, Rec. Doc. No. 216, at 2-3.)  In defendants' brief in opposition to plaintiff's motion in limine, they request that we bar plaintiff from presenting evidence that it is impossible to render an opinion about the transfer of blood without the actual palm print.  As we see the issue, this is going to be a battle of the experts for which the jury must make

credibility determinations.  It would be inappropriate for the court to determine the issue when it should be resolved by the jury hearing competing and possibly contradictory expert testimony.

In any event, the issue may now be moot, as plaintiff has indicated in another brief that he has no intention of calling Gary Jones to testify at trial.  Furthermore, it would be inappropriate and unfair to plaintiff to grant relief requested only in a responsive brief.

**B.**     **Adverse Inference Jury Instruction**

In their joint brief in opposition to plaintiff's motion in limine defendants request the additional relief of an adverse inference instruction against plaintiff on the spoliation issue.  (Def.'s Joint Br. Opp'n to Pl.'s Mot. Limine, Rec. Doc. No. 231, at 7.)  Although the palm print was lost while it was in the custody of an agent of the plaintiff, the court finds that there is insufficient evidence before us to support

directing an adverse inference jury instruction against either plaintiff or defendants.

Again, it would be inappropriate and unfair to plaintiff to grant relief requested only in a responsive brief.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion in Limine to Preclude Any Testimony or Reference at Trial of the Palm Print Evidence Which Was Used to Convict Mr. Crawford and Which Defendants Have Since Lost or Destroyed is denied. (Rec. Doc. No. 216.)

2. Defendants' requests for additional relief are denied. (Rec. Doc. No. 231.)

3. Finally, an adverse inference jury instruction regarding the destruction of the palm print evidence will not be granted for either side under the facts of this case.

                                                        s/ James F. McClure, Jr.
                                                        James F. McClure, Jr.
                                                        United States District Judge