IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN D. CRAWFORD, | : | |
| | : | |
| Plaintiff, | : | No. 1: CV-03-0693 |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DAUPHIN, | : | |
| CITY OF HARRISBURG, | : | |
| JANICE ROADCAP, JOHN C. | : | (Judge McClure) |
| BALSHY and WALTON DEWEY | : | |
| SIMPSON, JR., ADMINISTRATOR | : | |
| OF THE ESTATE OF WALTON D. | : | |
| SIMPSON, | : | |
| Defendants | : | |

**O R D E R**

January 27, 2006

**BACKGROUND:**

On March 28, 2003, plaintiff filed a complaint in the Court of Common Pleas of Dauphin County at docket number 2003-CV-1452. Shortly thereafter the matter was removed to the Middle District of Pennsylvania. On October 6, 2005, the court granted defendant City of Harrisburg's motion for summary judgment and denied the other defendants' motions for summary judgment. Upon a motion for reconsideration, on January 19, 2006, the court granted defendant County of Dauphin's motion for summary judgment. The case is currently scheduled for the

April 2006 trial list. Now before the court is Defendants' Joint Motion to Preclude or Limit the Testimony of Barbara Z. Orstein. (Rec. Doc. No. 200.) For the following reasons we will deny plaintiff's motion as moot. However, if defendants upon receipt and review of the Rule 26 materials provided by plaintiff still believe a Daubert hearing is necessary for Orstein then they should file a motion within fifteen days of this order.

**DISCUSSION:**

### I. Rule 26 and Daubert As Applied to Orstein

Plaintiff's damages expert is Barbara Z. Orstein. Fed. R. Civ. P. Rule 26(a)(2)(B) provides for the disclosure of certain information with respect to witnesses designated as experts including an expert report that contains a statement of the opinions to be expressed and the basis for those opinions as well as the witnesses' qualifications. Defendants contend that plaintiff has failed to provide the following, as required by Rule 26: (1) Orstein's qualifications; (2) a list of Orstein's publications, if any; (3) Orstein's compensation for the study and testimony in the instant matter; and (4) a list of any cases Orstein has testified at in the previous four years, either in Court or by way of deposition.

Defendants also argue in their motion in limine that the basis for Orstein's proposed testimony has been called sufficiently into question to warrant a Daubert

hearing to evaluate the reliability of Orstein's expert testimony.  See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).

Defendants also assert that Orstein's calculation of damages, at a minimum, needs to be recalculated in light of Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523 (1983), to account for a present value of April 2006.  The Supreme Court in Jones & Laughlin Steel Corp., held that anticipated inflation in the value of money was a proper factor to be considered by the finder of fact in considering lost future income and that the district court was not bound, as it thought it had been, under Pennsylvania's rule that "as a matter of law that future inflation shall be presumed equal to future interest rates with these factors offsetting."  Id. at 527, 552-53.  Plaintiff does not address this aspect of defendants' motion in limine and defendants only cursorily brief the issue.

We find the holding regarding future earnings damages calculations in Jones & Laughlin Steel Corp. inapplicable to this case.  The district court in that case was addressing damages under section 5(b) of the Federal Longshoremen's and Harbor Workers' Compensation Act.  The instant action involves a section 1983 claim and state law claims.  Under section 1983 "the level of damages is ordinarily determined according to principles derived from the common law of torts."  Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 306 (1986); see, e.g., Blanche Road Corp v.

Bensalem Tp., 57 F.3d 253, 265 (3d Cir. 1995) (noting "common law is reflected in the law of Pennsylvania" and applying Pennsylvania law to method of damages calculation). We are not persuaded that defendants' argument about Orstein's method of damages calculation in light of Jones & Laughlin Steel Corp. warrants a Daubert hearing on Orstein.

## II.  Plaintiff's Brief in Opposition

Plaintiff in his brief in opposition indicates that he has since provided the information that defendants seek under Rule 26.[1] Therefore, we find that the motion in limine is moot. We are not persuaded by defendants' arguments for a Daubert hearing at this time. However, if upon receipt and review of the Rule 26 information plaintiff has provided defendants in connection with Orstein defendants still believe a Daubert hearing is necessary then they should file a request for a hearing along with the specific grounds requiring the hearing within fifteen days of this order.

---

[1] Plaintiff states that he "believes that Ms. Orstein's curriculum vitae was provided along with her report" and that he has again sent a copy of her curriculum vitae via facsimile to defendants. (Pl.'s Br. Opp'n, Rec. Doc. No. 243, at 2.) Plaintiff also provides Orstein's rate of compensation in his brief in opposition. (Id.)

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Joint Motion to Preclude or Limit the Testimony of Barbara Z. Orstein is denied as moot. (Rec. Doc. No. 200.)

2. If upon receipt and review of the Rule 26 information plaintiff has provided to defendants, defendants still believe a <u>Daubert</u> hearing is necessary, then they should file a request for a <u>Daubert</u> hearing, along with the specific grounds defendants believe necessitate a hearing, within fifteen days of this order.

                                                s/ James F. McClure, Jr.
                                                James F. McClure, Jr.
                                                United States District Judge