IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN D. CRAWFORD, | : | |
| | : | |
| Plaintiff, | : | No. 1: CV-03-0693 |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DAUPHIN, | : | |
| CITY OF HARRISBURG, | : | |
| JANICE ROADCAP, JOHN C. | : | (Judge McClure) |
| BALSHY and WALTON DEWEY | : | |
| SIMPSON, JR., ADMINISTRATOR | : | |
| OF THE ESTATE OF WALTON D. | : | |
| SIMPSON, | : | |
| Defendants | : | |

**O R D E R**

January 27, 2006

**BACKGROUND:**

On March 28, 2003, plaintiff filed a complaint in the Court of Common Pleas of Dauphin County at docket number 2003-CV-1452. Shortly thereafter the matter was removed to the Middle District of Pennsylvania. On October 6, 2005, the court granted defendant City of Harrisburg's motion for summary judgment and denied the other defendants' motions for summary judgment. Upon a motion for reconsideration, on January 19, 2006, the court granted defendant County of Dauphin's motion for summary judgment. The case is currently scheduled for the

1

April 2006 trial list.  Now before the court is Defendants' Joint Motion in Limine to Preclude Offers of Settlement.  (Rec. Doc. No. 196.)  For the following reasons the court will deny the motion without prejudice.

**DISCUSSION:**

Plaintiff was prosecuted and convicted of murder of John Eddie Mitchell in three criminal trials in the 1970s.  On June 24, 2002, plaintiff was released from prison after certain evidence was discovered that called the Commonwealth's case against him into question.  Defendants anticipate that plaintiff will attempt to admit at trial evidence that the Commonwealth offered him a plea bargain before his third criminal trial.  The plea bargain would have required Crawford to admit his involvement in the killing of Mitchell in return for a sentence of 10 to 20 years.  Crawford rejected the plea bargain against his attorney's recommendation.  Defendants anticipate that Crawford will offer his rejection of the plea bargain as proof of his innocence.

Defendants contend that although Crawford is free to maintain his innocence at trial any evidence regarding a proposed plea agreement is inadmissible under Federal Rules of Evidence 408 and 410.  Defendants' brief in support cites only to the Federal Rules of Evidence without elaboration.  Plaintiff contends that the text of Rule 408 does not include evidence of plea negotiations over criminal charges.

Similarly, plaintiff asserts that Rule 410 only prohibits the introduction of evidence against criminal defendants and permits the introduction of evidence regarding plea deals in civil cases.  Finally, plaintiff contends that evidence of the plea negotiations is relevant and admissible because it shows Crawford's "consciousness of innocence."

We agree with plaintiff that Rule 408 is not applicable to this case and applies to negotiations undertaken to compromise a civil case.  United States v. Graham, 91 F.3d 213, 218 (DC Cir. 1996); United States v. Baker, 926 F.2d 179, 180 (2d Cir. 1991).  Furthermore, as the Federal Rules of Criminal Procedure indicate "[t]he admissibility or inadmissibility of a plea, plea discussion, and any related statement is governed by Federal Rule of Evidence 410."  Fed. R. Crim. Pro. Rule 11(f).

Thus, we turn to plaintiff's argument regarding the admissibility of Crawford's plea negotiations under Rule 410.  Plaintiff's argument is that "Rule 410 does not prohibit the introduction of [evidence of plea negotiations] against defendants, in a related civil case, who did not make a plea."  (Pl.'s Br. Opp'n, Rec. Doc. No. 242, at 4.)  We agree with plaintiff, as several other courts have, that the plain text of Rule 410 does not prohibit the admissibility of evidence of a plea or plea negotiation against the defendants in this case.  United States v. Biaggi, 909

F.2d 662, 690 (2d Cir. 1990) (Under Rule 410 "plea negotiations are admissible 'against the defendant' and it does not necessarily follow that the Government is entitled to a similar shield."); Becker v. Kroll, 340 F.Supp. 2d 1230, 1242 (D. Utah 2004) ("Rule 410 is designed to prevent a plea or plea discussions from being used against the 'defendant who made the plea or was a participant in the plea discussions'- not the prosecutor for wrongful conduct."); see also Wadkins v. Gulf Coast Centers, Ltd., 77 F. Supp. 2d 794, 800 n.3 (S.D. Tex. 1999) (discussing similar issue in context of nolo plea, noting qualifying language in Rule 410 of "against the person who made the plea" and noting the possibility of excluding evidence of a plea under Rule 403).

The issue as we see it must be resolved under the relevancy standard of Rules 401 and 402 and the exclusionary standard of Rule 403.  Since the defendants have not briefed the issue we will deny their motion without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Joint Motion in Limine to Preclude Offers of Settlement is denied without prejudice.  (Rec. Doc. No. 196.)

2. Defendants shall have ten (10) days to file another motion in limine to

preclude offers of settlement based on the relevancy standard of Rules 401 and 402 and the exclusionary standard of Rule 403.  A supporting brief must be filed contemporaneously with the motion.  Plaintiff may file a responsive brief within ten (10) days after service of the defendants' motion and brief.

                                                                s/ James F. McClure, Jr.
                                                                James F. McClure, Jr.
                                                                 United States District Judge