IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN D. CRAWFORD, | : | |
| | : | |
| Plaintiff, | : | No. 1: CV-03-0693 |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DAUPHIN, | : | |
| CITY OF HARRISBURG, | : | |
| JANICE ROADCAP, JOHN C. | : | (Judge McClure) |
| BALSHY and WALTON | : | |
| DEWEY SIMPSON, JR., | : | |
| ADMINISTRATOR OF THE | : | |
| ESTATE OF WALTER D. | : | |
| SIMPSON, | : | |
| | : | |
| Defendants | : | |

**O R D E R**

January 30, 2006

**BACKGROUND:**

On March 28, 2003, plaintiff filed a complaint in the Court of Common Pleas

of Dauphin County at docket number 2003-CV-1452.  Shortly thereafter the matter

was removed to the Middle District of Pennsylvania.  On October 6, 2005, the

court granted defendant City of Harrisburg's motion for summary judgment and

denied the other defendants' motions for summary judgment.  Upon a motion for

reconsideration, on January 19, 2006, the court granted defendant County of

1

Dauphin's motion for summary judgment.  The case is currently scheduled for the April 2006 trial list.  Now before the court is Defendant Roadcap's Motion in Limine to Prohibit Introduction of Evidence or Testimony Relating to the Civil Matter Involving Barry Laughman (Rec. Doc. No. 205) and Joint Motion in Limine of All Defendants to Exclude Evidence of Prior Acts of Defendant Balshy (Rec. Doc. No. 208).  For the following reasons we will grant both motions.

**DISCUSSION:**

## I.  Relevant Facts Regarding Defendant Roadcap

Defendant Janice Roadcap is accused of having knowingly made a false chemist report involving a key piece of evidence in the conviction of Crawford. Roadcap's final report stated that the results of the test "indicates the presence of blood deposited by the donor of the print."  There are two versions of her internal notes which conflict in their discussion of the presence of blood on the print.  The first version states: "7.  This reaction was greater along the ridges of the fingerprint, however numerous particles in the valleys also gave a (+) [positive] reaction." (Rec. Doc. No. 1, Ex. A.)   The second version states: "7.  This reaction was [blacked out text] only along the ridge of the ~~finger~~print [blacked out text] pattern". (Rec. Doc. No. 1, Ex. B.).  Ultimately, it was the discovery of the first version of the note that led to Crawford being released from prison.

Plaintiff alleges that Roadcap doctored her internal notes in order to repudiate one of Crawford's defense theories, i.e.,  that the blood was dispersed across the print because it was splattered onto a preexisting print of Crawford's on his father's car rather than being transferred to the car by Crawford's bloody hand.

Defendant Roadcap is also alleged to have doctored evidence in the Commonwealth's prosecution of Barry Laughman.  Laughman was released from prison after serving sixteen years behind bars for the rape and murder of a woman, a case in which DNA evidence later exonerated him.  Laughman has sued Roadcap and others in a civil case pending in the Middle District of Pennsylvania.  Laughman v. Commonwealth of Pennsylvania, No. 05-CV-1033 (M.D. Pa.) (Kane, J.). Defendant Roadcap seeks to preclude introduction of evidence or testimony relating to Laughman.

## II.  Relevant Facts Regarding Defendant Balshy

Balshy is accused, along with others, of having adulterated and concealed the original lab notes about the palm print evidence used in Crawford's prosecution. This evidence, as mentioned above, supported Crawford's defense at his criminal trial.  Defendants anticipate that plaintiff will seek to admit at trial evidence that Balshy conspired with others to plant fingerprint evidence in an unrelated state

3

murder prosecution of Gary Rank.  After Rank was acquitted in a criminal homicide prosecution he brought a civil rights action against Balshy and others. Ultimately, on November 5, 1982, the jury at Rank's civil trial returned a verdict against Balshy for $13,500.00 in compensatory damages and $5,000.00 in punitive damages.  Rank v. Balshy, 590 F.Supp. 787, 793 (1984).

Defendants also anticipate that plaintiffs may seek to admit at trial evidence that Balshy allegedly committed bad acts in connection with the homicide prosecution of Jay Smith for the murder of Susan Reinert.  Balshy was assigned to the Reinert investigation, and was present during her autopsy.  During cross-examination at Smith's murder trial, Balshy testified that he used lifters to remove granular particles which looked like sand from between the victim's toes.  The presence of sand on Reinert's feet supported the defense's theory of the case. Prosecutors had not disclosed the presence of lifters to the Smith or his trial counsel, nor were they introduced into evidence.  After the trial, at the request of the prosecutor, both the Attorney General of Pennsylvania and the Pennsylvania State Police conducted perjury investigations against Balshy.  Both concluded that there was no evidence of perjury or falsification of evidence by Balshy. Ultimately, the Pennsylvania Supreme Court barred Smith's retrial under the Double Jeopardy Clause of the Pennsylvania Constitution based on police and prosecutorial

misconduct relating to the suppression of evidence.  <u>Commonwealth v. Smith</u>, 615

A.2d 321, 323 (Pa. 1992).  In that opinion, the Pennsylvania Supreme Court noted

that Balshy was "made the scapegoat for the misconduct" of the Commonwealth.

<u>Id.</u>  Smith brought a subsequent civil action against officers, but Balshy was not

sued, and the defendants were ultimately found not liable. Balshy has never been

found criminally or civilly liable for any of his actions in connection with the Reinert

murder investigation.

### III.  Rules of Evidence Applied to the Motions

The plaintiff argues that testimony and evidence relating to the civil matter

involving Barry Laughman and the testimony and evidence relating to Balshy's

conduct in the Rank and Smith matters, and the subsequent investigations and

litigation, are admissible under Federal Rules of Evidence 404(b) and 608(b).

Furthermore, plaintiff argues that admission of testimony and evidence relating to

Roadcap's and Balshy's conduct in these prior cases will not be unfairly prejudicial

under Rule 403.

Fed. R. Evid. 404(b) prohibits evidence of other wrongs or acts if offered

"to prove the character of a person in order to show action in conformity

therewith."  The rule then provides a list of purposes which are exceptions to the

general rule and for which evidence of other wrongs or acts may be offered.  We

cannot find that evidence or testimony relating to allegations made by Barry

Laughman against defendant Roadcap constitutes admissible evidence under Fed.

R. Evid. 404(b).  Likewise, we cannot find that the evidence or testimony relating to

Balshy's involvement in the Rank or Smith cases constitutes admissible evidence

under Fed. R. Evid. 404(b).  Plaintiff's argument that the evidence would be

offered to show motive and opportunity, which appears in his briefs in opposition

to both the Roadcap and Balshy "bad act" motions in limine, does not make sense.

We find that most of plaintiff's briefs in opposition are devoted to stressing

reasons that ultimately support inadmissibility of  the evidence under 404(b), i.e.,

that Roadcap and Balshy are bad persons who are predisposed to doing bad acts.

See Becker v. ARCO Chem. Co., 207 F.3d 176, 191 (3d Cir. 2000) (citations

omitted).

Plaintiff also argues that inquiries into the Laughman  matter are admissible

under Rule 608(b).  The relevant text under Rule 608(b) provides:

> Specific instances of conduct of a witness, for the
> purposes of attacking or supporting the witness'
> character for truthfulness . . . may not be proved by
> extrinsic evidence.  They may, however, in the discretion
> of the court, if probative of truthfulness or untruthfulness,
> be inquired into on cross-examination of the witness (1)
> concerning the witness' character for truthfulness or
> untruthfulness. . .

Fed. R. Evid. 608(b).

As the rule indicates, it is within the discretion of the court to allow inquiry into specific instances of conduct of a witness bearing on the witness's character for truthfulness or untruthfulness on cross-examination.  Although the allegations in the <u>Laughman</u> complaint reference conduct that certainly bears on Roadcap's character for truthfulness, we cannot sanction plaintiff's inquiry into the matter at trial.  Similarly, although Balshy was found liable for doctoring a fingerprint in the <u>Rank</u> case, which certainly bears on his veracity, and was accused by the prosecution after the Smith criminal case of fabricating evidence, which also bears on his veracity (albeit in this case could arguably be used to support his character for truthfulness), we will not allow plaintiff to inquire into Balshy's investigations in these cases or the subsequent litigation connected with his investigations at trial.  Of course this does not preclude plaintiff from inquiring into Roadcap's and Balshy's character for truthfulness or untruthfulness with other lines of questioning permissible under Rule 608(b).

The fact that Laughman has made allegations against Roadcap bears little relevance, if any, to the instant matter.  And if we were to determine that evidence or testimony regarding the <u>Laughman</u> matter was relevant it still must be admissible after considering the exclusionary factors set forth in Rule 403.  We are confident

that under those factors the evidence is not admissible.  The evidence would have

the tendency to mislead the jury and confuse the issues in the case. First, at this

point Laughman only involves allegations and there has been no determination of

wrongdoing.  Second, it would unfairly prejudice defendant Roadcap because

jurors would be tempted to infer that if similar allegations exist against the defendant

then she must have doctored the notes in the instant case as a concerted effort to

violate plaintiff's civil rights.  This is the exact purpose for the existence of 404(b).

We find this reasoning equally applicable to the allegations that Balshy fabricated

evidence in the Smith case.  And finally we find that our reasoning regarding unfair

prejudice applies to the admission of evidence or testimony related to Balshy's

conduct and the subsequent litigation in the Rank case.

Such evidence will, therefore, be excluded, as its probative value is

substantially outweighed by the danger of unfair prejudice, confusion of the issues

and misleading the jury.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Defendant Roadcap's Motion in Limine to Prohibit Introduction of

Evidence or Testimony Relating to the Civil Matter Involving Barry Laughman is

granted.  (Rec. Doc. No. 205.)


     2.     The Joint Motion in Limine of All Defendants to Exclude Evidence of

Prior Acts of Defendant Balshy is granted.  (Rec. Doc. No. 208)



                                           s/ James F. McClure, Jr.
                                           James F. McClure, Jr.
                                           United States District Judge