IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN D. CRAWFORD, | : | |
| | : | |
| Plaintiff, | : | No. 1: CV-03-0693 |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DAUPHIN, | : | |
| CITY OF HARRISBURG, | : | |
| JANICE ROADCAP, JOHN C. | : | (Judge McClure) |
| BALSHY and WALTON | : | |
| DEWEY SIMPSON, JR., | : | |
| ADMINISTRATOR OF THE | : | |
| ESTATE OF WALTER D. | : | |
| SIMPSON, | : | |
| | : | |
| Defendants | : | |

**O R D E R**

January 30, 2006

**BACKGROUND:**

On March 28, 2003, plaintiff filed a complaint in the Court of Common Pleas

of Dauphin County at docket number 2003-CV-1452.  Shortly thereafter the matter

was removed to the Middle District of Pennsylvania.  On October 6, 2005, the

court granted defendant City of Harrisburg's motion for summary judgment and

denied the other defendants' motions for summary judgment.  Upon a motion for

reconsideration, on January 19, 2006, the court granted defendant County of

Dauphin's motion for summary judgment.  The case is currently scheduled for the April 2006 trial list.  Now before the court is Plaintiff's Motion in Limine to Preclude Testimony of Herbert L. MacDonell.  (Rec. Doc. No. 218).  For the following reasons we will hold a Daubert hearing on the admissibility of MacDonell's proposed testimony.

**DISCUSSION:**

### I.  Relevant Facts Regarding MacDonell

MacDonell testified as a Commonwealth expert at Crawford's second and third criminal trials.  At trial, MacDonell opined that blood particles along the ridge areas of the print meant that the palm that made the print had blood on it.  MacDonell's testimony regarding the transfer of the print helped secure Crawford's criminal convictions.  On December 6, 2001, after the disclosure of a redacted and unredacted version of the Commonwealth's November 1972 lab notes evaluating the print evidence were released, MacDonell offered an affidavit which noted that MacDonell had "never seen the original lift" and more significantly stated:

> Had I been provided with the information which was
> contained in the 29 November 1972 State Police report
> prior to my testimony, I would not have testified as a I
> did.  In fact I would have most likely informed the jury
> that the palmprint evidence was of no value since it was
> not possible to establish when it was placed on the

vehicle.

(Rec. Doc. No. 218, Ex. D, at 2.)

As a result of MacDonell's 2001 affidavit, Crawford was released from prison and

the prosecution declined to prosecute him again.

Since Crawford's release, MacDonell has again changed course.  After

reviewing photos of the original lift and conducting an in-house blood spatter print

experiment, MacDonell again believes his testimony would be consistent with the

testimony he originally offered at Crawford's criminal trials.

## II.  <u>Daubert</u> **Hearing on MacDonell is Necessary**

Plaintiff's motion in limine challenges MacDonell's experiment conducted for

the purpose of testifying in the instant trial.  Crawford asserts that MacDonell's

experiment does not meet the reliability requirements necessary for admissibility of

evidence under Fed. R. Evid. 702 and <u>Daubert v. Merell Dow Pharmaceuticals</u>,

Inc., 509 U.S. 579 (1993).  Plaintiff asserts that: (1) MacDonell's experiment was

dissimilar from the events which occurred at the time of the murder; (2) neither the

test nor the methodology underlying the test have been published; (3) therefore the

experiment and its underlying methodology have not been subject to peer review;

(4) the in-house experiment was not conducted in a method or environment where

potential error rates could be applied or evaluated to ensure accuracy and

correctness; (5) that the experiment was performed specifically for purposes of this

case and was done without the benefit of any standards or controls; and (6)

MacDonell's technique in conducting the experiment is not generally accepted in

the scientific community.  In light of plaintiff's concerns about the methodology

employed by MacDonell in his most recent experiment the court will hold a Daubert

hearing.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

      1.     Our ruling on Plaintiff's Motion in Limine to Preclude Testimony of

Herbert L. MacDonell is postponed until we have a Daubert hearing on his

proposed testimony.  (Rec. Doc. No. 218.)

      2.     The hearing will be scheduled at the final pretrial conference on

February 2, 2006.

                                    s/ James F. McClure, Jr.
                                      James F. McClure, Jr.
                                      United States District Judge