IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN D. CRAWFORD, | : | |
| | : | |
| Plaintiff, | : | No. 1: CV-03-0693 |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DAUPHIN, | : | |
| CITY OF HARRISBURG, | : | |
| JANICE ROADCAP, JOHN C. | : | (Judge McClure) |
| BALSHY and WALTON | : | |
| DEWEY SIMPSON, JR., | : | |
| ADMINISTRATOR OF THE | : | |
| ESTATE OF WALTER D. | : | |
| SIMPSON, | : | |
| | : | |
| Defendants | : | |

**O R D E R**

January 31, 2006

**BACKGROUND:**

On March 28, 2003, plaintiff filed a complaint in the Court of Common Pleas

of Dauphin County at docket number 2003-CV-1452.  Shortly thereafter the matter

was removed to the Middle District of Pennsylvania.  On October 6, 2005, the

court granted defendant City of Harrisburg's motion for summary judgment and

denied the other defendants' motions for summary judgment.  Upon a motion for

reconsideration, on January 19, 2006, the court granted defendant County of

Dauphin's motion for summary judgment.  The case is currently scheduled for the April 2006 trial list.  Now before the court is Plaintiff's Motion in Limine to Preclude Expert Testimony of Jeffrey Gervis [sic.], Michael Peter Kradz, Andre Moenssens, Dr. Stanley Schneider and Robert Shaler.  (Rec. Doc. No. 22.)  For the following reasons we will grant plaintiff's motion in limine in part and deny it in part.

**DISCUSSION:**

**I.  DISCLOSURE OF EXPERT TESTIMONY**

Fed. R. Civ. P. Rule 26(a)(2)(B) provides for the disclosure of certain information with respect to witnesses designated as experts including an expert report that contains a statement of the opinions to be expressed and the basis for those opinions as well as the witnesses' qualifications.  The federal rules also provide that these disclosures shall be made in compliance with the court's orders and in the absence of an order on the issue "shall be made at least 90 days before the trial date or the date the case is to be ready for trial."  Fed. R. Civ. P. 26(a)(2)(C).

**II.  PLAINTIFF'S ARGUMENT LACKS MERIT**

Plaintiff contends that defendants only recently, on December 16, 2005,

disclosed five additional expert witnesses, and that the defendants' late disclosure has deprived plaintiff of the opportunity to evaluate the nature of the experts' opinions and to seek expert opinions to contradict these experts' opinions. A stipulation by counsel and an order from the court required all parties to designate their experts for trial by October 14, 2004.

## A. Retained Witnesses: Gurvis[1] and Moenssens

Plaintiff contends that he was unaware of the designation of Gurvis and Moenssens as expert witnesses until defendants' December 16, 2005 disclosure of witnesses. It would be a stretch of credulity for the court to find that plaintiff did not receive the expert reports and qualifications of Gurvis and Moenssens in October of 2004.[2] As defendants note, for both witnesses, their reports and qualifications were submitted as exhibits in support of defendants' motion for summary judgment. Therefore, even if plaintiff never received defense counsel's correspondence dated October 12, 2004 (Rec. Doc. No. 230, Ex. A), it received

---

[1] Defendants' December 16, 2005 disclosure of witnesses "Gurvis" is spelled "Gervis." Plaintiff also spells "Gurvis" as "Gervis." As Mr. Gurvis spells his name with a "u" on his curriculum vitae (Rec. Doc. No. 230, Ex. A, at 8), we assume the alternate spelling is the result of a typographical error.

[2] Additionally, we note that defendants were not obligated to file their Rule 26(a)(2) disclosures with the court, despite plaintiff's suggestion to the contrary. (See Pl's Br. Supp. Mot. Limine, Rec. Doc. No. 223, at 2 n.1.)

the same documents shortly thereafter on October 18, 2004, as part of defendants'

exhibits in support of its motion for summary judgment.  Plaintiff's counsel has had

well over a year to prepare to respond to these witnesses; thus, plaintiff's request

to preclude expert testimony from Gurvis and Moenssens is denied.

**B.  Historical Expert Witnesses: Kradz and Shaler**

Defendants intend to call several historical expert witnesses.  Kradz and

Shaler were experts who testified on behalf of Steven Crawford at his second and

third trials.  Plaintiff contends that he only became aware of Kradz and Shaler's

designation as expert witnesses when they were included in defendants' December

16, 2005 disclosure.  In defendants' brief in opposition to plaintiff's motion in

limine they note that "[i]t is anticipated that the historical testimony of Peter Kradz

and Charles Shaler will be read to the jury." (Rec. Doc. No. 230, at 2.)  Although

we do not find Kradz and Shaler listed by name in defendants' October 12, 2004

disclosure as expert witnesses, we do note that defendants included "[a]ll experts

who testified in the three criminal trials of Crawford in 1971, 1977, and 1979."

(Rec. Doc. No. 230, Ex. A.)[3]  Obviously, plaintiff's counsel is aware of the

_____

[3] We acknowledge that plaintiff disputes that he actually received this disclosure, but we have no reason to doubt that defendant made this communication.  Especially in the instant case, where plaintiff contends he was unaware of five witnesses and without expert reports for the witnesses, despite two of the reports being clearly attached as exhibits to a motion for summary judgment

substance of the testimony of Kradz and Shaler's testimony on Crawford's behalf at his earlier criminal trials.  Nevertheless, out of an abundance of caution we will require defense counsel to supply plaintiff with the expert reports and qualifications of the historical expert witnesses Kradz and Shaler to plaintiff within ten days of this order.

## C.  Roadcap's Physician: Schneider

In defendants' joint brief in opposition they note that Dr. Stanley Schneider is a treating physician for defendant Roadcap.  The joint brief does not further address Dr. Schneider and leaves that matter to either attorney McGowan or Bodor.  Neither of those attorneys filed a brief in opposition to plaintiff's motion in limine regarding Schneider, and in defendant Roadcap's pre-trial memorandum she does not list Dr. Schneider as a witness.  Therefore, we will grant plaintiff's motion in limine to the extent it seeks to preclude the testimony of Dr. Stanley Schneider.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     Plaintiff's Motion in Limine to Preclude Expert Testimony of Jeffrey Gervis [sic.], Michael Peter Kradz, Andre Moenssens, Dr. Stanley Schneider and Robert Shaler is granted in part.  (Rec. Doc. No. 222.)

---

to which plaintiff filed a response.

2.      The motion is granted with respect only to Dr. Stanley Schneider.  All other witnesses addressed in plaintiff's motion are not precluded from offering testimony.

3.      Defendants shall provide plaintiff with copies of expert reports and related information and exhibits for which disclosure is required under Fed.R.Civ.P. 26(a)(2)(B) for the historical experts Kradz and Shaler within ten days of issuance of this order.


      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge