IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN D. CRAWFORD, | : | |
| | : | |
| Plaintiff, | : | No. 1: CV-03-0693 |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DAUPHIN, | : | |
| CITY OF HARRISBURG, | : | |
| JANICE ROADCAP, JOHN C. | : | (Judge McClure) |
| BALSHY and WALTON DEWEY | : | |
| SIMPSON, JR., ADMINISTRATOR | : | |
| OF THE ESTATE OF WALTON D. | : | |
| SIMPSON, | : | |
| Defendants | : | |

## **O R D E R**

February 2, 2006

**BACKGROUND:**

By agreement of counsel, this order replaces that of January 27, 2006 (Rec. Doc. No. 250) to make a correction.

On March 28, 2003, plaintiff filed a complaint in the Court of Common Pleas of Dauphin County at docket number 2003-CV-1452.  Shortly thereafter the matter was removed to the Middle District of Pennsylvania.  On October 6, 2005, the court granted defendant City of Harrisburg's motion for summary judgment and denied the other defendants' motions for summary judgment.  Upon a motion for

1

reconsideration, on January 19, 2006, the court granted defendant County of Dauphin's motion for summary judgment. The case is currently scheduled for the April 2006 trial list. Now before the court are Defendants' Joint Motions in Limine to Bar the Following: Reference to Insurance; Offers of Settlement; Prior Cases Involving Allegedly Wrongful Convictions; Testimony from Undisclosed Witnesses; Presenting Evidence Not Previously Disclosed; Past Alleged Wrongful Conduct Involving Any of the Defendants; Prior or Pending Civil Litigation Involving Any of the Defendants; and Testimony By Plaintiff as to His Wage Loss. (Rec. Doc. No. 202.) We address each aspect of the motion as follows.

**DISCUSSION:**

### I. Evidence that Defendants are Insured Through a Policy of Liability Insurance & Reference to Offers of Settlement in this Action

Defendants anticipate that plaintiff may attempt to bring the issue of the insurance before the jury to "suggest that someone other than the defendant or taxpayer would be paying the adverse judgment." (Br. Supp., Rec. Doc. No. 203, at 2.) They also anticipate that plaintiff may make reference to offers of settlement.

Plaintiff indicates they will not make reference to any insurance and that there were no offers of settlement. Nevertheless, we will grant defendants' first two requests in their motion in limine precluding references to insurance and offers of

settlement.  See Fed. R. Evid. 408, 411.

## II.  Reference to Conduct by Any Other Police Officer or Police Department Where Convictions Were Overturned Based Upon Newly Discovered Evidence

Defendants make a very general request that plaintiff be barred from referring to conduct by any other police officer or department where convictions were overturned based upon newly discovered evidence.  Defendants assert that the information is irrelevant, immaterial, lacks probative value, and is substantially outweighed by unfair prejudice under Fed. R. Evid. 403.

We agree with defendants that the cases listed in the motion are irrelevant to this case, and may not be referred to in any way.  Plaintiff must proffer to the court at sidebar any other case they plan to reference before the jury that has not already been authorized to be presented by an order of this court.  By holding a side bar at trial the court will be able to entertain arguments on any additional specific cases that might be germane to this action.

## III.  Request to Bar Previously Unidentified Witness Testimony & Reference to or Use of Any Photographs or Exhibits that were Not Previously Produced or Identified in Discovery or that are Irrelevant to the Issues in this Case or by Admissible Law

Defendants' fourth and fifth requests in their motion in limine, while sound, are too premature and vague for this court to rule on.  There may be good cause

for the presentation at trial of witness testimony, photographs or exhibits not previously disclosed during discovery.  Of course, when the court is called to rule upon specific issues, irrelevant evidence will be excluded from trial.

### IV.  Request to Bar Reference to Any Disciplinary Actions & Testimony of Current Allegations or Pending Lawsuits

In defendants' sixth and seventh requests in their motion in limine they address issues that we believe are better addressed on a case by case basis.  We agree with plaintiff that defendants' ambiguous argument does not allow plaintiff to create a specific response and therefore we will reserve ruling on these aspects of defendants' motion for a time when we address more specific motions.

### V.  Request to Bar Crawford's Opinion on the Subject of Wage Loss

Finally, defendants request that plaintiff be barred from being asked questions about his opinion on the subject of wage loss.  Defendants assert that Crawford lacks the background, education, and expertise to give an opinion on such testimony and any opinion would be based on conjecture and hearsay.  Defendants cite to no law on the issue except that they note that Crawford has never been disclosed as an opinion witness as required by Fed. R. Civ. P. 26(a).  Plaintiff does not brief the issue.

Federal Rule of Evidence 701 governs the admissibility of opinion testimony

by lay witnesses.  Under that rule testimony is limited to those opinions or inferences which are "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  Although we are unaware of whether plaintiff plans to offer Crawford's testimony on the subject of wage loss, we find that he cannot be allowed to so testify under Rule 701.  We agree with defendants and find that plaintiff's testimony on the subject of wage loss would be entirely based on conjecture and not helpful to the jury.  Therefore, plaintiff will be precluded from offering his opinion on the amount of damages he is entitled to for lost and future wages.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      Defendants' joint motion in limine (Rec. Doc. No. 202) is granted, but only to the extent of the relief provided in this order.

2.      Plaintiff, his attorneys and witnesses, shall not mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, directly or indirectly, that the defendants, or any one of them, are insured through a policy of liability insurance.

3. Plaintiff, his attorneys and witnesses, shall not mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, directly or indirectly, that the defendants, or any one of them, attempted to settle this case.

4. Plaintiff, his attorneys and witnesses, shall not mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, directly or indirectly, the conduct by any other police officer or police department where convictions were overturned based upon newly discovered evidence without either: (1) being authorized by an order of this court or (2) seeking a proffer at sidebar at trial and receiving authorization from the court.

5. Defendants' request to bar previously unidentified witness testimony and reference to or use of photographs or exhibits that were not previously produced or identified is reserved for decision at a later date.

6. Defendants' request to bar reference to any disciplinary action and testimony of current allegations or pending lawsuits is reserved for decision at a later date.

7. Plaintiff is precluded from offering his opinion on the amount of damages to which he is entitled for lost and future wages.

8. Finally, the parties shall not refer to the filing or granting of this motion.

9. The order of January 27, 2006 (Rec. Doc. No. 250) is vacated.

10. The clerk is directed to delete from the docket Record Document No. 250, filed January 27, 2006.


                                                    s/ James F. McClure, Jr.
                                                    James F. McClure, Jr.
                                                    United States District Judge