IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN D. CRAWFORD, | : | |
| | : | |
| Plaintiff, | : | No. 1: CV-03-0693 |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DAUPHIN, | : | |
| CITY OF HARRISBURG, | : | |
| JANICE ROADCAP, JOHN C. | : | (Judge McClure) |
| BALSHY and WALTON | : | |
| DEWEY SIMPSON, JR., | : | |
| ADMINISTRATOR OF THE | : | |
| ESTATE OF WALTON D. | : | |
| SIMPSON, | : | |
| | : | |
| Defendants | : | |

**O R D E R**

March 6, 2006

**BACKGROUND:**

On March 28, 2003, plaintiff filed a complaint in the Court of Common Pleas of Dauphin County at docket number 2003-CV-1452. Shortly thereafter the matter was removed to the Middle District of Pennsylvania. On October 6, 2005, the court granted defendant City of Harrisburg's motion for summary judgment and denied the other defendants' similar motions for summary judgment. Upon a motion for reconsideration, on January 19, 2006, the court granted defendant

County of Dauphin's motion for summary judgment. The case is currently scheduled for the April 2006 trial list.  Now before the court is Plaintiff's Motion in Limine to Preclude Evidence of Mr. Crawford's Juvenile Record.  (Rec. Doc. No. 214.)  The motion is now ripe for our review.  For the following reasons, we will grant plaintiff's motion in limine in part.

**DISCUSSION:**

### I.  Relevant Facts

In 1973, Steven Crawford was adjudicated a delinquent child, after being convicted of burglary and robbery.  As a result, Crawford was confined to the Camp Hill State Penitentiary.  According to the records before the court, Crawford's maximum sentence for his juvenile convictions expired on July 11, 1977.  In February 1974, during his incarceration for the juvenile offenses, Crawford was arrested for the 1970 murder of John Edward Mitchell.

### II.  Admissibility of Crawford's Juvenile Record

Plaintiff argues that his juvenile convictions are inadmissible under Federal Rule of Evidence 609(b) and 609(d).  Federal Rule of Evidence 609 governs impeachment by evidence of conviction of a crime.  Section (b) of the rule provides that generally a conviction is not admissible against a witness if more than ten years has elapsed since the date of the conviction.  Under section (b), however,

the court may allow the admission of an older conviction if it determines that it is in the interests of justice and that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. Section (d) of Rule 609 provides that "[e]vidence of juvenile convictions is generally not admissible under this rule."

Defendants concede that it is "arguable" that Rule 609 prohibits the admission of Crawford's juvenile convictions for purposes of impeachment. Instead they argue the evidence should be admissible to attack Barbara Orstein's credibility because she calculated lost earnings for a time period when Crawford would have been behind bars for his juvenile convictions. Defendants also argued at the final pre-trial conference held on February 2, 2006, that a jury would not be able to determine accurately Crawford's lost earnings without knowing that he was convicted of crimes as a juvenile. Besides arguments related to Crawford's lost earnings, the defendants also wish to introduce Crawford's juvenile criminal record to refute both (1) the plaintiff's deposition testimony regarding the emotional trauma suffered when he was first incarcerated; and (2) a plea offer that Crawford turned down in November 1977 that the plaintiff may argue would have allowed Crawford a sentence of time-served. Additionally, at the final pre-trial conference, the defendants also argued that plaintiff's arrest in 1974, years after Mitchell's murder,

can partially be explained by Crawford's imprisoned status on his juvenile convictions.

By court order dated February 3, 2006, we directed plaintiff to provide the defendants with a revised report by Orstein. Plaintiff has complied and the court has reviewed the revised report. We find that the revised report has eradicated any ground defendants have asserted to admit evidence of Crawford's juvenile conviction for purposes of impeaching Orstein or for determining the plaintiff's lost earnings. Although it is certainly true that plaintiff's juvenile convictions are relevant to the calculation of his lost earnings, we find that their probative value is far outweighed by the prejudicial effect. We find it highly likely that the jury would impermissibly infer from Crawford's juvenile convictions that he was also responsible for the murder of Edwards, an issue that strikes close to the heart of this case. Therefore, at this time we will exclude evidence of Crawford's juvenile convictions under Rule 403.

That being said, defendants should take note that the court is willing to entertain a renewed argument for the admissibility of evidence of Crawford's juvenile record depending on the evidence and testimony presented at trial. Any argument for the admissibility of evidence related to Crawford's juvenile convictions must be made at sidebar or outside the presence of the jury.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      Plaintiff's Motion in Limine to Preclude Evidence of Mr. Crawford's Juvenile Criminal Record is granted in part. (Rec. Doc. No. 214.)

2.      Defendants are precluded from introducing evidence of Crawford's juvenile criminal record as part of their case in chief.

3.      Any time during the trial, however, defendants may argue at sidebar, or out of the presence of the jury, for the admission of evidence of Crawford's juvenile criminal record, to the extent that the defendants believe such evidence is admissible for purposes of rebuttal or on some other ground.

                                         s/ James F. McClure, Jr.
                                         James F. McClure, Jr.
                                         United States District Judge